Kenneth A. Novikoff (KAN 0350)
Laura L. Shockley (LLS 6040)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
(516) 357-3000

*Counsel for Goldglit & Company LLP*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

GOLDGLIT & COMPANY LLP

                         Plaintiff,

-against-

BASIL AGROCOSTEA,

                         Defendant.
-------------------------------------------------------------------X

Case No.: 12 CV 1838 (DAB)

**COMPLAINT**

Jury Trial Demanded

Plaintiff, Goldglit & Company LLP ("Goldglit" or "Plaintiff"), by and through their counsel Rivkin Radler LLP, as and for their Complaint against the Defendant, Basil Agrocostea ("Defendant" or "Agrocostea"), hereby alleges as follows:

### NATURE OF THE CASE

1.    Goldglit is an established, well-respected accounting firm located in midtown Manhattan. Plaintiff seeks injunctive relief and damages as the result of Defendant's tortious and unlawful campaign to compete against Goldglit, his former employer.

2.    As discussed in detail below, Defendant, while still employed by Plaintiff, misappropriated trade secrets including client lists and contact information. Following his termination, Defendant utilized these trade secrets to defame his employer Goldglit in an attempt to solicit Goldglit's clients. In doing so, Plaintiff breached his duty of loyalty. The foregoing

actions were meticulously calculated as part of a malicious campaign of unlawful competition against Goldglit.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C § 1331, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Lanham Act, 15 U.S.C. § 1125.

4. Venue is proper in this judicial District under 28 U.S.C. § 1391(b) because Plaintiff has offices, conducts business, and can be found in this District, and the cause of action substantially arose and the acts and omissions complained of occurred herein.

## THE PARTIES

5. Plaintiff Goldglit is a limited liability partnership duly incorporated and existing under the laws of the State of New York with its principal place of business located at 499 Seventh Avenue, Floor 14 South, New York, New York 10018.

6. Defendant Agrocostea is a resident of the State of New York, residing at 25-42 43rd Street, Long Island City, New York 11103.

## FACTUAL ALLEGATIONS

### I. Company Background and Industry Practices

7. Goldglit was originally established as K.L. Goldglit & Company and operated for approximately twenty years. Goldglit's current firm was established in 2003. Goldglit is a well-known and highly regarded accounting firm that offers a wide range of services to both individual and business clients. Goldglit's practice specializes in the arts. The firm primarily services industries such as: fine arts, art galleries, graphic design and branding as well as other creative fields such as architecture, writers/authors and artist representation.

8.   Goldglit is a relatively small firm that makes it a priority to provide personalized quality service to its clients that is beyond comparison. In addition to traditional accounting services, Goldglit offers tax services, business consulting, audit review and representation before taxing authorities, bookkeeping, art transaction assistance and estate planning to its clients.

9.   Goldglit has few competitors that specialize in the arts industry. It is a niche industry that, by its very nature, is not readily accessible to outside competitors.

10.   Goldglit's business contacts, processes and methods are confidential and proprietary trade secrets unknown to the public. Goldglit expends great efforts to maintain the confidentiality of its trade secrets.

**II. Defendant's Employment with Goldglit**

11.   Agrocostea commenced his employment with Goldglit in or about February 2, 2009. Defendant worked for the company continuously until his termination on January 11, 2012.

12.   As a trusted employee, Agrocostea possessed intimate knowledge of Goldglit's confidential trade secrets, including, but not limited to its business process and client lists and contacts in the arts industry.

13.   Agrocostea's job duties at Goldglit consisted of general accounting work, including reviews and compilations, bank reconciliations, preparation of tax returns and representation of clients during audits among other things.

14.   Agrocostea's job duties kept him in contact with the Goldglit's clients. Goldglit's clients regarded Agrocostea as a familiar and trusted employee of Goldglit.

15. On or about January 11, 2012, Goldglit terminated Agrocostea's employment. Agrocostea's employment was terminated due to a pattern of unprofessional and insubordinate conduct.

### III. Agrocostea Commenced a Campaign of Unlawful Conduct

16. At some point prior to Agrocostea's termination, Agrocostea commenced an unlawful and tortious campaign to compete against Goldglit in the accounting industry and solicit Goldglit's clients.

17. Agrocostea was aware that lawful competition against Goldglit would be difficult, if not impossible. Therefore, he launched a calculated campaign to misappropriate Goldglit's trade secrets, engage in unfair competition against Goldglit, defame Goldglit and tortiously interfere with Goldglit's current and prospective business relations.

18. The sum and substance of Defendant's unlawful business plan was as follows: Agrocostea, while still employed by Goldglit, accessed Goldglit's electronic database and copied contact information for Goldglit's clients. Following Defendant's termination, on or about January 26, 2012, he illegally accessed the e-mail and Outlook account of Steven Goldglit, the Managing Partner of Goldglit, and sent a fraudulent e-mail message from Mr. Goldglit to the firm's clients and business contacts praising Agrocostea's performance and recommending Agrocostea's services to Goldglit's clients. The email was replete with derogatory and defamatory statements regarding Mr. Goldglit. The fraudulent email contained Agrocostea's telephone number and e-mail address.

19. Agrocostea was never provided with Steven Goldglit's password to enable him to access Mr. Goldglit's e-mail or other electronic database.

20. At no time did Agrocostea have permission or authority to access Steven Goldglit's e-mail or Outlook account or any other email or Outlook account at Goldglit, other than his own.

21. Mr. Goldglit's Outlook account contained detailed contact information for over 875 of his business and personal contacts which consisted of both clients and professional contacts in the art community.

22. Upon learning that Agrocostea unlawfully accessed Mr. Goldglit's Outlook account and sent the fraudulent e-mail, Goldglit immediately reported Agrocostea's criminal conduct to the New York City Police Department's 14th Precinct. A criminal complaint was filed on January 26, 2012 under Complaint # 2012-014-00998 for aggravated harassment and related charges.

23. Following the mass mailing of the fraudulent e-mail to Goldglit's clients and business contacts, Agrocostea continued to use Goldglit's trade secrets to unlawfully and tortiously compete against his former employer.

24. In this regard, on or about February 20, 2012, Agrocostea sent a copy of the fraudulent e-mail, which he signed and purportedly notarized, along with a personal letter, to the professional community and to Goldglit's clients directly soliciting their business.

25. Agrocostea clearly breached his duty of loyalty to Goldglit and misappropriated Goldglit's trade secrets by utilizing confidential client contact information and by accessing Goldglit's Outlook account and sending a fraudulent e-mail to Goldglit's clients under Mr. Goldglit's name.

26. Agrocostea solicited Goldglit's clients by defaming Goldglit and making entirely false statements through the use of stolen confidential information.

27. Goldglit was unaware of any of Agrocostea's aforementioned unlawful and tortious activity at the time of his termination.

28. Upon information and belief, Defendant intends to continue his scheme of soliciting Goldglit's clients by using unlawfully obtained trade secrets, including client lists and contact information.

29. Upon information and belief, Defendant will unlawfully utilize Goldglit's trade secrets, including but not limited to customer lists, to market his accounting services to Goldglit clients. In doing do, Agrocostea will tortiously interfere with Goldglit's present and prospective business relations.

30. Upon information and belief, Agrocostea will continue to defame Goldglit to its clients, jeopardizing Goldglit's important business relationships.

## FIRST CAUSE OF ACTION
### (Violation of the Computer Fraud and Abuse Act)

31. Goldglit incorporates by reference the allegations contained in paragraphs 1 through 30 above as if fully set forth in this cause of action.

32. Goldglit's computers and computer systems are "protected computers" under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(2).

33. By his wrongful action, Agrocostea intentionally accessed Goldglit's protected computer system, without authorization or in excess of authorized access, and thereby obtained and utilized information from Goldglit's protected computer systems for the purposes of engaging in unfair competition, deceptive trade practices and misappropriating trade secrets.

34. By his wrongful actions, Agrocostea furthered his unlawful objectives, obtained unauthorized use of Goldglit's protected computer system, obtained proprietary information, and deleted proprietary information, the value of which exceeded $5,000 in any one year period.

35. By his wrongful actions, Agrocostea intentionally accessed Goldglit's protected computer system without authorization and, as a result of his conduct, caused Goldglit damage and loss.

36. The wrongful actions of Agrocostea have caused loss to Goldglit that exceeds $5,000 in any one year period in that Goldglit has spent more than $5,000 in responding to the offense, restoring the information damaged on the protected computer system and conducting a damage assessment.

37. The activity of Agrocostea constitutes a violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C), (a)(4), (a)(5)(C), and Goldglit is entitled to full compensatory damages under that Act.

## SECOND CAUSE OF ACTION
### (Violation of Lanham Act)

38. Goldglit incorporates by reference the allegations contained in paragraphs 1 through 37 above as if fully set forth in this cause of action.

39. As set forth above, Defendant engaged in false advertising by disseminating commercial material to Goldglit's client's that falsely appeared to have originated from Goldglit.

40. Defendant's statements in the fraudulent email and subsequent solicitation letter constitute commercial speech.

41. Defendant's statements were intended to influence consumers to purchase Defendant's services.

42. Defendant disseminated false and fraudulent statements to the relevant purchasing public.

43. By his wrongful actions, Agrocostea caused Goldglit damage and loss.

44. The activity of Agrocostea constitutes a violation of the Lanham Act, 15 U.S.C. § 1125, and Goldglit is entitled to full compensatory damages under that Act.

### THIRD CAUSE OF ACTION
### (Unfair Competition)

45. Goldglit incorporates by reference the allegations contained in paragraphs 1 through 44 above as if fully set forth in this cause of action.

46. By willfully breaching his duty of loyalty and by misappropriating Goldglit's confidential and proprietary information and trade secrets and unlawfully accessing and utilizing Goldglit's e-mail and Outlook accounts, Agrocostea has acted in bad faith and has engaged in unfair competition against Goldglit. Agrocostea continues to engage in the aforementioned unfair competition to the present day.

47. These actions constitute unfair and deceptive trade practices and unfair competition.

48. As a direct and proximate result of the deceptive trade practices and unfair competition by Agrocostea, Goldglit has suffered and will continue to suffer extensive, irreparable injury, loss of goodwill, harm to its business, and other injury and damages for which there is no adequate remedy at law. Goldglit will continue to suffer this harm until Agrocostea is restrained from the aforementioned conduct.

49. As a direct and proximate result of Agrocostea's deceptive trade practices and unfair competition, Goldglit has suffered and will continue to suffer extensive economic loss and other damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Breach of Duty of Loyalty)

50. Goldglit incorporates by reference the allegations contained in paragraphs 1 through 49 above as if fully set forth in this cause of action.

51. By virtue of his employment at Goldglit, Agrocostea was required to act solely in Goldglit's interests.

52. Agrocostea breached his duty of loyalty to Goldglit by misappropriating trade secrets in order to defame Goldglit to its clients, solicit Goldglit's clients and tortiously interfere with Goldglit's contractual and business relations.

53. As a direct and proximate result of Agrocostea's breach of duty of loyalty, Goldglit has suffered and will continue to suffer extensive, irreparable injury, loss of goodwill, harm to its business and other injuries and damages for which there is no adequate remedy at law.

54. As a direct and proximate result of Agrocostea's breach of duty of loyalty, Goldglit has suffered and will continue to suffer extensive economic loss and other damages in an amount to be proven at trial.

55. Agrocostea committed these actions knowingly, willfully and in conscious disregard of his duty to Goldglit. Accordingly, Agrocostea should be disgorged of economic benefits obtained from said breach.

## FIFTH CAUSE OF ACTION
### (Defamation)

56. Goldglit incorporates by reference the allegations contained in paragraphs 1 through 55 above as if fully set forth in this cause of action.

57. In the furtherance of his efforts to unlawfully solicit Goldglit's clients, Agrocostea intentionally and maliciously published knowingly false statements regarding Goldglit.

58. Agrocostea published such false and defamatory statements of and concerning Goldglit with actual knowledge of the falsity thereof.

59. Said statements were made in order to impugn and defame Goldglit's business competence, integrity and capacity to perform services and, upon information and belief, the defamatory statements were so understood.

60. As a consequence of Agrocostea's publication of these defamatory statements, Goldglit was and continues to be injured in its business reputation, character and standing.

61. In publishing said statements, Agrocostea acted with actual malice and said statements constituted slander per se.

62. As a direct and proximate result of Agrocostea's defamation, Goldglit has suffered and will continue to suffer extensive, irreparable injury, loss of goodwill, harm to its business, and other injury and damages for which there is no adequate remedy at law. Goldglit will continue to suffer this harm until Agrocostea is restrained from the aforementioned conduct.

63. As a direct and proximate result of Agrocostea's defamation, Goldglit has suffered and will continue to suffer extensive economic loss and other damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
### (Tortious Interference with Contractual and Business Relations)

64. Goldglit incorporates by reference the allegations contained in paragraphs 1 through 63 above as if fully set forth in this cause of action.

65. Goldglit has maintained substantial and on-going contractual and business relations with its clients for many years.

66. At all relevant times, Agrocostea was aware of Goldglit's contractual and business relations with its clients.

67. Agrocostea has unlawfully defamed Goldglit to its clients and has furthermore misappropriated confidential and proprietary trade secrets, disrupting Goldglit's business with its clients.

68. By using Goldglit's unlawfully obtained confidential and propriety trade secrets including, but not limited to client lists, Agrocostea has already and will continue to solicit Goldglit clients in an attempt to induce them to limit and/or cease their relationships with Goldglit in favor of Agrocostea.

69. Upon information and belief, Agrocostea has attempted to induce Goldglit's clients to breach their contractual and business relations with Goldglit.

70. Agrocostea, by his actions, has damaged and disrupted Goldglit's contractual and business relations with its clients.

71. As a direct and proximate result of Agrocostea's tortious interference with contractual and business relations, Goldglit has suffered and will continue to suffer extensive, irreparable injury, loss of goodwill, harm to its business, and other injury and damages for which there is no adequate remedy at law. Goldglit will continue to suffer this harm until Agrocostea is restrained from the aforementioned conduct.

72. As a direct and proximate result of Agrocostea's tortious interference with contractual and business relations, Goldglit has suffered and will continue to suffer extensive economic loss and other damages in an amount to be proven at trial.

73. Agrocostea, by his actions, has and will continue to damage and disrupt Goldglit's contractual and business relations with its customers.

## SEVENTH CAUSE OF ACTION
### (Misappropriation of Trade Secrets)

74. Goldglit incorporates by reference the allegations contained in paragraphs 1 through 73 above as if fully set forth in this cause of action.

75. By virtue of his employment with Goldglit, Agrocostea received, used and had knowledge of Goldglit's confidential and proprietary information and trade secrets.

76. This confidential and proprietary information and trade secrets has independent economic value and is not generally known to the public or readily ascertainable by persons other than Goldglit.

77. Goldglit has made and continues to make reasonable efforts to maintain the secrecy of this confidential and proprietary and trade secret information.

78. Agrocostea has disclosed and utilized and continues to disclose and utilize, without the express or implied consent of Goldglit, this confidential and proprietary information and trade secrets for his own benefit.

79. As a direct and proximate result of the misappropriation of trade secrets by Agrocostea, Goldglit has suffered and will continue to suffer extensive, irreparable injury, loss of goodwill, harm to its business, and other injury and damages for which there is no adequate remedy at law. Goldglit will continue to suffer this harm until Agrocostea is restrained from the aforementioned conduct.

80. As a direct and proximate result of Agrocostea's misappropriation of trade secrets and confidential and proprietary information, Goldglit has suffered and will continue to suffer extensive economic loss and other damages in an amount to be proven at trial.

## JURY DEMAND

81. Goldglit respectfully requests a trial by jury of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Goldglit respectfully requests that the Court:

A. Enter a judgment declaring that Agrocostea should return all of Goldglit's property, including records, documents, data and equipment, and all copies (regardless of the medium in which maintained or stored) of any such property not previously destroyed;

B. Enter a judgment declaring that Agrocostea be disgorged of any economic benefit obtained from his unlawful and tortious actions against his former employer Goldglit;

C. Enter a judgment against Defendant on the First Cause of Action in an amount not yet fully calculated, but believed to be in excess of $1,000,000;

D. Enter a judgment against Defendant on the Second Cause of Action in an amount not yet fully calculated, but believed to be in excess of $1,000,000;

E. Enter a judgment against Defendant on the Third Cause of Action in an amount not yet fully calculated, but believed to be in excess of $1,000,000;

F. Enter a judgment against Defendant on the Fourth Cause of Action in an amount not yet fully calculated, but believed to be in excess of $1,000,000;

G. Enter a judgment against Defendant on the Fifth Cause of Action in an amount not yet fully calculated, but believed to be in excess of $1,000,000;

H.  Enter a judgment against Defendant on the Sixth Cause of Action in an amount not yet fully calculated, but believed to be in excess of $1,000,000;

I.  Enter a judgment against Defendant on the Seventh Cause of Action in an amount not yet fully calculated, but believed to be in excess of $1,000,000;

J.  For such other and further relief that this Court deems just and necessary.

Dated: March 12, 2012

>                                RIVKIN RADLER LLP
>                                *Counsel for Goldglit &*
>                                *Company LLC*
>
>                                By: _____
>                                Kenneth A. Novikoff (KAN-0350)
>                                Laura L. Shockley (LLS 6040)
>                                926 RXR Plaza
>                                Uniondale, New York 11556
>                                (516) 357-3000

2587662 v1

Index No.              
Year 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDGLIT & COMPANY LLP,

                            Plaintiff,

v.

BASIL AGROCOSTEA,

                            Defendant.

## SUMMONS

**RIVKIN RADLER LLP**

*Attorneys for* Plaintiff

926 RXR PLAZA
UNIONDALE, NEW YORK 11556-0926
(516) 357-3000

FILE# _____/

To:

*Attorney(s) for*

*Service of a copy of the within*                               *is hereby admitted.*

Dated:

                              *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY   *that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on*       20

☐ NOTICE OF SETTLEMENT   *that an Order of which the within is a true copy will be presented for settlement to the Hon.*       *one of the judges of the within named Court, at*       *on*       20   , *at*     M.

Dated:

                              **RIVKIN RADLER LLP**
                              *Attorneys for*

                              926 RXR PLAZA
                        UNIONDALE, NEW YORK 11556-0926

To:                                               FILE# _____/